

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 21, 1958

Honorable Gerald T. Bissett
County Attorney
Refugio County
Refugio, Texas

Opinion No. WW-514

Re: The requirements of the
Commissioners' Court in
regard to quarterly re-
ports of County Treasurers
under Article 1636, Vern-
on's Civil Statutes, and
related questions.

Dear Mr. Bissett:

We have received your request for an opinion to
clarify Article 1636, Vernon's Civil Statutes, and Article
396, Vernon's Penal Code. The specific questions you have
asked are:

"1. Does the order of approval require the reciting
separately of the amount received and paid out
of each fund by the treasurer since the pre-
ceding report, and the balance of such fund, if
any, remaining in the treasurer's hands?

"2. Shall the Court actually count and inspect the
actual cash and assets in the hands of the
treasurer belonging to the County at the time
of examination of the report?

"3. Is it mandatory that the affidavits of the
County Judge and each Commissioner be made,
filed with the County Clerk, and recorded in
the minutes of the Court?

"4. Is there any publication in some newspaper
required and if so, is it mandatory that the
report, order of approval and affidavit of
compliance all be published, or is only the
publication of portions thereof required?"

Article 1636, Vernon's Civil Statutes, reads:

"When the commissioners' court has compared
and examined the quarterly report of the treasurer,
and found the same correct, it shall cause an order
to be entered upon the minutes of the court,
stating the approval thereof, and reciting separate-
ly the amount received and paid out of each fund by
the treasurer since the preceding treasurer's quar-
terly report, and the balance of such fund, if any,
remaining in the treasurer's hands and the court
shall cause the proper credit to be made in the
accounts of the treasurer, in accordance with said
order. Said court shall actually inspect and count
all the actual cash and assets in the hands of the
treasurer belonging to the county at the time of
the examination of his said report. Prior to the
adjournment of each regular term of the court, the
county judge and each commissioner shall make affi-
davit that the requirements of this article have
been in all things fully complied with by them at
said term of court, and that the cash and other
assets mentioned in said county treasurer's quarter-
ly report made by said treasurer to said court, and
held by him for the county, have been fully inspect-
ed and counted by them giving the amount of said
money and other assets in his hands. Such affida-
vits shall be filed with the county clerk and
recorded in the minutes of said court the term at
which the same were filed; and the same shall be
published in some newspaper published in the county
if there be a newspaper published in the county,
for one time."

Article 396, Vernon's Penal Code, is worded substan-
tially the same as Article 1636, Vernon's Civil Statutes,
with the addition of the following paragraph:

"Any county judge, county commissioner, or
county clerk who shall negligently or intentionally
fail or refuse to comply with the requirements of
this article, shall be fined not less than twenty-
five nor more than five hundred dollars."

For the purposes of this opinion, Article 396, Vern-
on's Penal Code, is considered a duplication of Article 1636,
Vernon's Civil Statutes.

It is our opinion that Questions 1 and 3 should be answered in the affirmative; no authority has been found which would relieve the Commissioners' Court from the statutory requirements that the approval order recite separately the amount received and paid out of each fund since the preceding report and the balance of such fund, if any, remaining in the treasurer's hands; and that affidavits of compliance of the County Judge and each Commissioner be made, filed with the County Clerk and recorded in the minutes of the court.

Insofar as Question 2 is concerned, the Attorney General in Opinion No. O-6459, has held that it is not necessary for the Commissioners' Court to actually inspect and count the County funds in the County Depository, if the statements furnished by the Depository reflect the necessary information. Such other county assets in the hands of the County Treasurer must be inspected and counted.

Further, it is the opinion of this office that these affidavits of compliance must be published in some newspaper of the County. Attorney General's Opinion No. O-236 concludes that it is necessary to publish only the affidavits and not the Treasurer's Report or Order of Approval. The opinion further states that the affidavits which are published must be published in their entirety and they should be the same as those which are recorded with the County Clerk and in the minutes of the Commissioners' Court. In another Attorney General's Opinion, No. O-3044, it is held that publication in any newspaper published in the county would satisfy this statutory requirement.

## SUMMARY

It is mandatory that the requirements of Article 1636, Vernon's Civil Statutes, be complied with in that the order of the Commissioners' Court approving the County Treasurer's Quarterly Report recite separately the amount received and paid out of each fund since the preceding report and the balance of such fund, if any, remaining in the Treasurer's hands; and that the affidavits of compliance of the County Judge and each Commissioner be made, filed with the County Clerk, recorded

in the minutes of the Court, and published in a newspaper in the county; and that the Commissioners' Court actually inspect the assets of the county in the hands of the Treasurer, except the county's funds which are in the county depository.

Sincerely,

WILL WILSON
Attorney General of Texas

By
John L. Estes
Assistant

JLE:mfh:jl

APPROVED:

OPINION COMMITTEE:

Morgan Nesbitt, Chairman

John B. Webster

Wallace Finfrock

Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W. V. Geppert